IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCISCO A. GRILLASCA BATTISTINI, *et al.*,

    **Plaintiffs,**

    v.

LA PICCOLA FONTANA, INC., *et al.*,

    **Defendants.**

CIVIL NO. 15-2167 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

    Before the Court is Plaintiffs' Motion for Conditional Class Certification and court-authorized notices pursuant to section 216(b) of the Fair Labor and Standards Act ("FLSA") (the "Motion"), Docket No. 15, and Defendants' Opposition to Class Certification, Docket No. 16.[1] After considering arguments submitted by both sides, and the affidavits included, the Court GRANTS Plaintiffs' request for conditional certification.

## BACKGROUND[2]

    La Piccola Fontana Inc. ("the restaurant") is a Puerto Rico corporation operating a restaurant business in the San Juan Hotel and Casino. Docket Nos. 1 and 8. Plaintiffs in this case

---

[1] The Court refers to La Piccola Fontana Inc., and unknown Defendants A, B and C collectively as "Defendants." Docket No. 1. The Court refers to Francisco A. Grillasca-Battistini, Karlo G. Franusic, and Inirio Mazara-Tapia, collectively as "Plaintiffs." Docket No. 1. The Court also notes that Joshua D. Robles-Cancel voluntarily dismissed his claim without prejudice against Defendants. Docket No. 18.

[2] For a more detailed version of the facts, see Docket No. 17.

are, or have been employed by Defendants as Bartenders, Runners, Servers, Bussers, Cashiers, and Buss Boys. Docket No. 1. The restaurant employees are divided in two spheres: managerial and non-managerial. *Id.* The non-managerial positions listed above are tipped positions which means that income of employees in these positions is supplemented by tips from customers. *Id.* On August 24, 2012, Plaintiffs brought this suit, on behalf of themselves and others similarly situated, alleging violations to the FLSA and local laws. *Id.* Specifically, Plaintiffs alleged that Defendants were in violation of §§ 201-219 of the FLSA by: (1) paying all workers less than the minimum wage; (2) illegally participating in the tipped employees' "tip pool;" (3) failing to inform workers about the tip-credit provisions of the FLSA; (4) failing to compute tips when calculating vacation and sick pay; and (5) failing to pay overtime wages. *Id.*

On May 13, 2016, this Court denied Defendants' Motion to Dismiss. Docket No. 17. On February 25, 2016, Plaintiffs moved to conditionally certify a proposed class, consisting of non-managerial employees in tipped positions that worked at the restaurant spanning three years before the complaint was filed. Docket No. 15. Plaintiffs also requested the Court to order Defendants to produce the names, and contact information of potential members for the proposed class. *Id.* Finally, Plaintiffs requested the Court to approve a proposed notice to be mailed out, and posted in Defendants' restaurant, to potential members of the proposed class. *Id.*

## STANDARD OF REVIEW

Under the FLSA, an aggrieved employee may bring suit against an employer on his or her own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b) (2008). The statute itself does not define "similarly situated." *Id.* Likewise, the Supreme Court and the First

Circuit have also not defined the boundaries of "similar situated," or specified how courts are to determine whether a collective action is appropriate, under the FLSA. *Perez v. Prime Steak House Rest. Corp.*, 959 F. Supp. 2d 227, 230 (D.P.R. 2013) (quoting *Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 362–63 (D. Me. 2010)). Due to this lack of guidance, it has been up to the lower courts to create a workable test to define "similarly situated." *Id*.

As a result, the lower courts within the First Circuit have adopted a two tiered approach when certifying collective actions under the FLSA. *Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 232–33 (D. Me. 2011) (collecting cases from the district of Massachusetts, Rhode Island, and Puerto Rico). During the first stage, also known as the "notice stage," courts evaluate the pleadings and affidavits to determine, using a fairly lenient standard, whether the potential class members "were subject to a single, decision, policy, or plan that violated the law." *O'Donnell v. Robert Half Int'l, Inc.*, 429 F. Supp. 2d 246, 249 (D. Mass. 2006) (citing *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001)). "At the second stage, which takes place after discovery, 'a defendant may move for de-certification if the plaintiffs are shown not to be similarly situated.'" *Perez*, 959 F. Supp. 2d at 230 (quoting *O'Donnell*, 429 F. Supp. 2d at 249).

At this moment, Plaintiffs' case is in the first stage of class certification. At this stage Plaintiffs carry the light burden of showing that the potential class members are "similarly situated." *Johnson*, 802 F. Supp. 2d at 234 (citations omitted). To satisfy this burden, lower courts in this circuit have created a three part test, which requires plaintiffs to make a minimal factual showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant

respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Perez*, 959 F. Supp. 2d at 231 (quoting *Johnson*, 802 F. Supp. 2d at 234). However, some courts have held that the third requirement is not necessary as it does not conform to the liberal construction of the FLSA. *See Rossello v. Avon Products, Inc.*, No. CIV. 14-1815 JAG/BJM, 2015 WL 3890403, at *12 (D.P.R. June 24, 2015), *report and recommendation adopted*, No. CIV. 14-1815 JAG, 2015 WL 5693018 (D.P.R. Sept. 28, 2015).

## ANALYSIS

In this case, Plaintiffs have various requests. First, Plaintiffs request the Court to conditionally certify a class of employees from the restaurant alleging that Defendants have violated FLSA minimum wage and local laws. Docket No. 15. Second, Plaintiffs also request the Court to compel Defendants to produce the names, addresses, telephone number and emails of potential class members. *Id*. Finally, Plaintiffs want the Court to approve a proposed notice for the purpose of notifying potential plaintiffs, by email and by a posting in Defendants' restaurant, of their rights in this suit.[3] *Id*. The Court will address each argument in turn.

---

[3] A copy of the Proposed Notice can be found in Docket No. 15-3.

I.   Conditional Class Certification[4]

  A. Aggrieved Employees that are Similarly Situated

Plaintiffs have put forth enough evidence to show that aggrieved employees at the restaurant exist. The two prongs to be answered at this stage are if: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted." *Perez*, 959 F. Supp. 2d at 231 (citation omitted). To satisfy prongs one and two courts ask whether employees "have similar (not identical) job duties and pay provisions . . . and are victims of a common policy or plan that violated the law."[5] *Prescott*, 729 F. Supp. 2d at 363-64. In this case, Plaintiffs introduce evidence of job duties performed by tipped employees and their respective pay scales. Docket No. 1 at 6-8. Plaintiffs also introduce verified statements from two restaurant employees indicating their current positions, and pay scales for employees in "tipped" positions. Docket Nos. 15-1 and 15-2. They also allege how Defendants illegally participated in the tip pool for tipped employees and did not adequately pay sick and vacation leave. *Id.* Thus, the Court finds that Plaintiffs have made a sufficient factual showing that Defendants' alleged illegal conduct affected all tipped employees at the restaurant. Accordingly, Plaintiffs have

---

[4] The FLSA collective action mechanism is separate and distinct from Fed. R. Civ. P. Rule 23. Rule 23 requires an uninterested potential plaintiff to "opt-out," while the FLSA § 216(b) requires potential plaintiffs to "opt-in" to the class. *Johnson*, 802 F. Supp. 2d at 232–33 (citing 29 U.S.C. § 216(b) and Fed. R. Civ. P. Rule 23).

[5] Although the "aggrieved individuals" analysis has not been minutely defined by courts, plaintiffs still have to show minimal factual connection that employees have been subjected to illegal behavior through affidavits and other evidence. *Prescott*, 729 F. Supp. 2d at 364 (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). At any rate, the "aggrieved individuals" prong is typically analyzed in conjunction with the "similarly situated" prong and is treated as a nominal requirement rather than an operative one. *Rossello*, 2015 WL 3890403, at *11, *report and recommendation adopted*, 2015 WL 5693018.

carried their light burden to support the conclusion that aggrieved employees at the restaurant exist.

As to the second prong, Plaintiffs have reasonably shown that the alleged aggrieved employees are similarly situated. To satisfy the similar situated prong, plaintiffs have to show that potential members of the proposed class perform similar job duties in relation to the alleged illegal scheme. *See Perez*, 959 F. Supp. 2d at 231; *see also Prescott*, 729 F. Supp. 2d at 364. Here, Plaintiffs allege that tipped positions such as Servers, Bartenders, Runners, Busboys, Hosts, and Service Assistants are affected by Defendants' illegal scheme. Docket No. 1 at 3. Although not identical in job duties, the work positions of potential and current plaintiffs all relate to serving food or drinks to clients at the restaurant. *Id.* at 6-7. Moreover, Plaintiffs' complaint and accompanying affidavits allege that all employees in these positions supplement their income with tips, and that employees that were not considered to be in tipped positions were participating in the tip pool in violation of the "tip credit" exception of the FLSA. Docket No. 1 at 9-10. Additionally, the complaint and affidavits allege that Defendants did not disclose the tip pool and tip arrangement with its tipped employees, Docket No. 1 at 10-11, or include the tips earned as part of wages used to calculate vacation and sick pay. *Id.* at 16. Thus, Plaintiffs have sufficiently shown that "tipped employees" at the restaurant are similarly situated in regards to the alleged FLSA violation scheme.

### B. Potential Plaintiffs' Interest in Joining the Suit

Having satisfied the first two factors in the notice stage of class certification, Plaintiffs now arrive at the third. A number of courts require a plaintiff to show that there are other potential plaintiffs that are interested in joining the suit before the class is conditionally

certified. *See Johnson*, 802 F. Supp. 2d at 237; *see e.g.*, *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007); *O'Donnell*, 429 F. Supp. 2d at 250–51; *Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1220–21. The reasoning behind this requirement is that by allowing class certification in cases that have a realistic chance of having enough plaintiffs for a class, and not one or two lone plaintiffs, judicial resources would be conserved by not having to try the same case over again with different plaintiffs. Simply put, requiring only that potential plaintiffs exists, (rather than requiring a showing that they would actually seek to join the lawsuit), would render preliminary class certification automatic as long as the complaint contains the magic words: "Other employees similarly situated," and defeat the underlying purpose of class certification. *Parker*, 492 F. Supp. 2d at 1165 (quoting *Smith v. Sovereign Bancorp, Inc.*, No. Civ. A. 03–2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003)). For the reasons stated below, the Court finds this policy unpersuasive and thus concludes that conditional certification is appropriate despite the fact that Plaintiffs may not have shown enough evidence to suggest that potential plaintiffs would join the suit.

First, although district courts in the First Circuit have required the "interested potential plaintiff" factor to certify a potential class, other courts have declined to impose such requirements. *See Rossello*, 2015 WL 3890403, at *11, *report and recommendation adopted*, 2015 WL 5693018 (collecting cases); *see, e.g.*, *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *9 (E.D. Mich. Mar. 23, 2012); *Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 247 (W.D. Mich. 2011); *Lyons v. Ameriprise Fin., Inc.*, No. CIV. 10-503 (RHK-JJK), 2010 WL 3733565, at *5 (D. Minn. Sept. 20, 2010) (holding that "[t]he existence of more than one or two plaintiffs in an FLSA case at the time of the conditional-certification inquiry has been found sufficient to warrant collective-action

treatment, even without a showing that other individuals wish to opt in."); *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007) (finding that "[d]efendants' proposed rule does not make sense" when talking about the "potential plaintiff interest" prong in the notice stage of conditional class certification under FLSA); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 629 (D. Colo. 2002).

      Second, a rigid treatment of this prong would create a chicken and egg problem when seeking conditional certification under the FLSA. While it is logical that there has to be interest from potential plaintiffs to "opt-in" to the suit, otherwise it would defeat creating a class for one or two plaintiffs, it would be impractical to require potential plaintiffs to be interested in a law suit that they know nothing about. *Johnson*, 802 F. Supp. 2d at 238; *Wise v. Patriot Resorts Corp.*, No. C.A. 04-30091-MAP, 2006 WL 6110885, at *1 (D. Mass. Feb. 15, 2006). A brief excursion into the process of conditionally certifying a class under the FLSA sheds light into this issue. In cases involving conditional certification, such as this one, plaintiffs hope to obtain from defendants the identities and contact information of each member of the proposed class, before the class is conditionally certified. *See Rossello*, 2015 WL 3890403, at *13. With this information, plaintiffs can disseminate, usually via mail, a court approved notice to potential plaintiffs informing them of their right to "opt-in" to the law suit. *Id.* At this point potential plaintiffs would have notice of the suit and enough information to determine if they should join the class or not. *Id.* Thus, in this

Civil No. 15-2167 (JAG) 9

case, it makes no sense to disallow conditional class certification now before Plaintiffs have had an opportunity to put potential plaintiffs on notice of this suit and their right to join it.[6]

Accordingly, Plaintiffs' request for conditional class certification is GRANTED as to all non-managerial employees in tipped positions dating back three years before the filing of the complaint in this case.

## II. Proposed Notice to Opt-In Plaintiffs

Plaintiffs attached a proposed notice in this motion that would be delivered to potential plaintiffs and posted in Defendants' restaurant. Docket No. 15-3. The Supreme Court in *Hoffman-La Roche* gave clear guidance, holding that district courts have discretion to implement § 216(b) by facilitating notice to putative plaintiffs. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The Court acknowledged that sometimes it is a necessary for a court to intervene in the notice process. *Id.* at 170. Thus, the Court will take appropriate steps to ensure that potential plaintiffs have notice of this suit. In this case, Defendants do not make any objections to the publication of such notice in Defendants' restaurant. Docket No. 16. Accordingly, the Court

---

[6] In the alternative, courts have held that the third prong of this test is satisfied when there are enough named plaintiffs in a suit. *Albanil v. Coast 2 Coast, Inc.*, No. CIV.A. H-08-486, 2008 WL 4937565, at *6 (S.D. Tex. Nov. 17, 2008) (explaining that the existence of fifteen named plaintiffs and at least three unnamed plaintiffs is enough to conditionally certify a class under the FLSA). While courts do not have a bright line rule as to how many plaintiffs have to be named, at least one has held that two or less are not enough. *Parker*, 492 F. Supp. 2d at 1165 n.4 (explaining that the third prong analysis applies only when there are one or two named plaintiffs because having numerous named plaintiffs would make the suit, appropriate for collective action). Here, the complaint has three named plaintiffs (after one dropped out) in this suit. Docket No. 1. Plaintiffs also provide an affidavit of one more potential plaintiff no longer named in the suit. Docket No. 15-2. Accordingly, and assuming *arguendo* that the Court takes this factor into account, by having three named plaintiffs, and one unnamed plaintiff that wrote an affidavit in support, Plaintiffs have shown enough evidence to prove that potential plaintiffs might be interested in joining this suit.

Civil No. 15-2167 (JAG)                                                                 10

GRANTS Plaintiffs request to disseminate the proposed notice via mail and by posting it in Defendants' restaurant.[7]

As to the proposed notice, the Court must ensure that it is "timely, accurate, and informative." *Hoffman-La Roche*, 493 U.S. at 170. Defendants do not object to the language of the proposed notice. Thus, the notice is approved to be sent to potential plaintiffs with one amendment. The notice must be amended to strike Joshua D Robles-Cancel's name as a named plaintiff in light of his request for voluntary dismissal. Docket No. 18.

Lastly, as some of the potential plaintiffs may not have full dominion over the English language, the Court deems it prudent for Plaintiffs to also include a companion Spanish translation of the proposed order in the mailings, and in the posting at the restaurant. This translation must be approved by the Court before publication, and shall be submitted for Court approval no later than thirty (30) days after the service and filing of this Opinion and Order.

### III.  Discovery of Potential Opt-In Plaintiffs

Plaintiffs request that Defendants provide them with the name, address, alternate address, all known telephone numbers, e-mail and dates of employment by restaurant of non-managerial tipped employees in the three year period before the complaint was filed. Docket No. 15 at 14. Defendants state that the contact information for those employees has been requested in an interrogatory sent by Plaintiffs. Docket No. 16-1 at 1. However, Defendants do not provide any proof that there was an interrogatory or that the information was accurately replied to.

---

[7] Posting of this notice should be placed where it is visible to employees but away from customers of the restaurant to prevent undue embarrassment.

Thus, the Court GRANTS Plaintiffs' request. The Court ORDERS the Defendant to produce this information within thirty (30) days from the service and filing of this Opinion and Order.

Finally, the Court approves a ninety (90) day opt-in period and GRANTS Plaintiffs' request.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiffs' motion for conditional certification under § 216 of the FLSA. Defendants are ORDERED to provide, within thirty (30) of this Order, the names and contact information of the potential class members detailed above. The Court also ORDERS Plaintiffs to prepare a proposed notice in Spanish to be submitted to the Court within thirty (30) days from the service and filing of this Opinion and Order, after which the Plaintiffs may post the proposed notice of this law suit in Spanish and English in Defendants' restaurant as explained above.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of June, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge